ACCEPTED
15-25-00025-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/17/2025 1:54 PM
CHRISTOPHER A. PRINE
CLERK

No. _____

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/17/2025 1:54:30 PM
CHRISTOPHER A. PRINE
Clerk

IN RE KIMCO DEVELOPERS, INC., KD HOUSTON 1086A, INC., KIMCO REALTY SERVICES, INC., AND KIMCO REALTY CORPORATION

*Relators.*

Relating to the
Business Court of the State of Texas, Eleventh Division
Cause No. 24-BC11A-0013
Honorable Sofia Adrogué, Judge of the Texas Business Court

## MOTION FOR EMERGENCY TEMPORARY RELIEF

GREENBERG TRAURIG, LLP

Roland Garcia
State Bar No. 7645250
garciar@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
T: (713) 374-3500
F: (713) 374-3505

GREENBERG TRAURIG, LLP

Elizabeth G. "Heidi" Bloch
State Bar No. 02495500
heidi.bloch@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR RELATORS KIMCO DEVELOPERS, INC., KD HOUSTON 1086A, INC., KIMCO REALTY SERVICES, INC., AND KIMCO REALTY CORPORATION

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Contemporaneously with this filing, Relators Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, inc., and Kimco Realty Corporation (collectively "Relators") have filed a Petition for Writ of Mandamus ("Petition") challenging a Business Court Order (copy attached hereto as **Appendix A**)[1] remanding the lawsuit to the district court.

Pursuant to Texas Rule of Appellate Procedure 52.10(a), Relators request an emergency temporary stay of the Order at issue pending a ruling on Relators' Petition. In addition, Relators request an emergency stay of the remanded district court proceedings.[2] As discussed below, because the Order requires a remand "without delay," Relators request a ruling on this Motion as soon as possible.

## I.    The challenged Order

The Order at issue was signed on February 25, 2025. The Order granted real party in interest's ("Cypress")[3] Motion to Remand, filed as part

---

[1] The Appendix items are copied from the Mandamus Record. Any page references will be to the MR[page#] stamped at the upper righthand corner of each page.

[2] *See* February 21, 2025 Order in Case No. 15-25-00019-CV, styled *In re Durant* (ordering that "all proceedings in cause no. 25-BC11A-0001, Sebastian v. Durant (including proceedings on remand in cause no. 24-DCV-318087) be STAYED until a final decision by this court on relator's petition for writ of mandamus").

[3] Cypress brings its Petition both directly and derivatively on behalf of the Limited Partnership. But, as detailed in Defendants' Special Exceptions filed on October 14, 2024, Cypress lacks capacity to bring direct claims because the only purported harm it alleges is harm to the Limited Partnership. MR 470-71.

of the court-ordered briefing[4] on the Business Court's jurisdiction. MR 834-51. As discussed below, the Order incorrectly determines that the Business Court is without subject matter jurisdiction over the case and remands the matter to the district court. Incorrect application of the law as to the court's jurisdiction is an abuse of discretion, as the Business Court has no discretion to misapply the law. Mandamus is appropriate because the Order is neither final nor appealable, and Relators have no adequate remedy at law.

This case is different from other jurisdictional challenges and involves a novel legal issue this Court has yet to address—the impact of a publicly traded company becoming a party to a pending action after September 1, 2024. Cypress filed this lawsuit before September 1, 2024, but added a publicly traded company, KRC, for the first time on September 20, 2024. Under the express language of Tex. Gov't Code, § 25A.004(c), the Business Court acquired jurisdiction over the "action" on September 20, 2024, because the action is "described by Subsection (b)" and "a party to the action

---

[4] *See also*, Defendants' Brief Supporting Removal to Texas Business Court, MR 641-833; Plaintiff's Motion to Remand and Brief Regarding Jurisdiction, MR 834-51; Defendants' Response to Plaintiff's Motion to Remand and Brief Regarding Jurisdiction, MR 857-68; Reply in Support of Plaintiff's Motion to Remand, MR 870-77; Plaintiff's email submission to the business court of an additional case, Appendix B to Mandamus Petition; Defendants' Response to Plaintiff's Submission of the *Tiffany Lynn Sebastian, et al. v. T. Bently Durant et al.* Decision to This Court, MR 938-42.

is a publicly traded company." The effective date of the statute does not defeat this express grant of jurisdiction.

## II. Brief factual and procedural history.

The underlying dispute concerns the interpretation of the governing document (the "LPA") of the Limited Partnership, which was established for the purpose of purchasing, developing, and owning certain real property that constitutes a portion of a shopping center commonly known as the Cypress Towne Center in Houston Texas. MR 050-52, 057-58, 437-54. General Partner and the Class A Limited Partner Relators contributed all the funds necessary to purchase, develop, and operate this portion of the shopping center, with Cypress contributing no funds as the Class B Limited Partner. MR 068-69, 486-87, 642. The General Partner had the right at its sole option to treat the contribution of those funds as debt (G.P. Loan) or equity (Capital Contributions) under the LPA. MR 068-69, 108, 642-43.

Cypress' complaint is over the General Partner and Class A Limited Partner Relators' adjustment, in 2021, of amounts contributed by them since 2008 from a G.P. Loan to Capital Contributions in compliance with the expiration of the G.P. Loan's express three-year Term in 2008. MR 068-69, 108, 444-46. In 2021, General Partner determined that since the three-year term of the G.P. Loan had lapsed, it needed to make the adjustment to

comply with the LPA. MR 488, 641-43, 889. Cypress claims the adjustment constitutes a breach of the LPA and the General Partner's and Class A Limited Partner's purported fiduciary duties, seeks a declaration regarding the same, and seeks to hold each of the Class A Limited Partner, KRS, and KRC liable under vicarious liability/conspiracy and veil piercing/alter ego grounds. MR 447-52. Relators counter that the accounting adjustment was in furtherance of the General Partner's fiduciary duty to follow the express terms of the LPA, seeking a declaration of the same. MR 486-89, 641-43, 889.

Cypress filed its Third Amended Petition ("Amended Petition") on September 20, 2024, in the 11th District Court of Harris County, Texas. MR 437-62. Among other changes, the Amended Petition added KRS and KRC, a company publicly traded on the New York Stock Exchange under the abbreviation "KIM," as new parties. Relators timely removed this action to the Texas Business Court's Eleventh Division, the Honorable Sofia Adrogué presiding, on October 14, 2024. MR 009-468.

On October 15, 2024, the Business Court ordered briefing as to the propriety of the removal and the Court's authority and jurisdiction to hear the suit. *Supra*, fn. 3; MR 638-40. On February 25, 2025, the Business Court issued the Opinion and Order granting Cypress' motion to remand and

ordering the matter be remanded to the district court. **Appendix A**. The Petition challenges the Order.

### III. Summary of Relators' challenges to the Order.

The Order incorrectly determines that the Business Court does not have jurisdiction over the action, and an incorrect application of the law as to the court's jurisdiction is an abuse of the Business Court's discretion. The Order also requires the remand "without delay." **Appendix A**. Because the Petition is pending and remains undecided, preservation of this Court's jurisdiction through a stay will maintain the status quo and avoid harm to the Relators.

Relators are entitled to access the Business Court and incorrectly denying that access denies them the very benefits the Business Court was instituted to address, including written decisions from judges who specialize in business disputes. As the Order is an abuse of discretion for which Relator has no adequate remedy at law, mandamus is appropriate, as is a temporary order staying the Order until the mandamus is resolved.

### IV. Emergency relief requested

Relators request that this Court issue an order temporarily staying the Order pending resolution of the mandamus action. Because the Order requires a remand "without delay," Relators request a ruling from this Court at the earliest opportunity.

## V.    Grounds for a temporary stay of the Order

### A.    The Order is an impermissible remand constituting an abuse of discretion.[5]

The Texas Government Code ("Code") (relevant portions attached hereto as **Appendix B**) states "[t]he business court has civil jurisdiction concurrent with district courts in an action described by Subsection (b) regardless of the amount in controversy if a party to the action is a publicly traded company." Tex. Gov't Code, § 25A.004(c). Cypress added a publicly traded company when it filed the Amended Petition on September 20, 2025 adding KRC. The Code also states that "[t]he business court has civil jurisdiction concurrent with district courts in an action seeking injunctive relief or a declaratory judgment under Chapter 37, Civil Practice and Remedies Code, involving a dispute based on a claim within the court's jurisdiction under Subsection (b), (c), or (d)." *Id.*, § 25A.004(e). After Cypress filed its Amended Petition on September 20, 2024, which included a request for declaratory judgment, Relators, including newly added KRC and KRS, filed their own counterclaim for declaratory judgment.

In addition to meeting the threshold requirements above, the whole dispute in this action falls within the categories enumerated in Subsection (b), thereby providing the Business Court jurisdiction over the entire action

---

[5] For additional discussion, see the Mandamus, at 9-27.

via Subsections (c) and (e) the moment Cypress commenced the action against KRC on September 20, 2024. First, Cypress, as the Class B Limited Partner, purports to bring this action derivatively on behalf of the Limited Partnership. Tex. Gov't Code, § 25A.004(b)(1) ("a derivative proceeding"). Second, this is a dispute surrounding the governing documents of an organization, specifically whether the accounting treatment of the General Partner's and Class A Limited Partner's cash contributions as determined by the General Partner was proper under LPA. Tex. Gov't Code, § 25A.004(b)(2) ("an action regarding the governance, governing documents, or internal affairs of an organization"). Third, Cypress purports to bring this action on behalf of itself as an owner of the Limited Partnership, and on behalf of an organization, the Limited Partnership, against a managerial official of the organization, the General Partner. Tex. Gov't Code, § 25A.004(b)(4) ("an action by an organization, or an owner of an organization, if the action: (A) is brought against an owner, controlling person, or managerial official of the organization; and (B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization"). Fourth, Cypress alleges the General Partner and Class A Limited Partner breached duties, including those of loyalty and good faith, owed to the Limited Partnership and Cypress because General Partner and

-8-

Class A Limited Partner are owners of the Limited Partnership and because the General Partner is a managerial official of the same. Tex. Gov't Code, § 25A.004(b)(5) ("an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith").

H.B. 19's language directing that "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024" serves as no barrier to the Court's jurisdiction. H.B. 19, § 8 (relevant portions attached hereto as **Appendix C**). This Court has interpreted "commence" to mean filing a petition with the office of the clerk. *In re ETC Field Servs. LLC*, No. 15-24-0013-CV, at 4, 2025 WL 582320, at *2 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding) (op.) (citations omitted) (determining in a distinguishable circumstance that commencement was when the action was first filed in the district court, not when the action was removed to the business court).

Other appellate courts in Texas view the filing of an amended petition adding defendants to constitute a new lawsuit as to those defendants. *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *3 (Tex.

App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied) ("[T]he filing of an amended petition adding defendants, as in this case, constitutes the filing of a new lawsuit.") (citing *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. Civ. App.—Corpus Christi 1980, no writ) (stating that "if the plaintiff is mistaken as to which of two persons is liable and obtains service upon the wrong party and then subsequently amends his petition to join the proper party, such amended petition is a new lawsuit and the statute of limitations is not tolled until the plaintiff files his amended petition."); *see also Morris v. Ponce*, 584 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (holding "an action **commences** as to each defendant when it is first named as a defendant" and that "it is well-established that '[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading.'") (citation omitted; emphasis added); *Montelongo v. Abrea*, 622 S.W.3d 290, 298 (Tex. 2021) ("We also agree with the courts that have held that an amended or supplemental petition that adds new parties or new essential factual allegations does assert a new legal action and starts a new sixty-day period as to the new parties and the new claims based on the new factual allegations).

Cypress commenced an action against a publicly traded entity when it filed its Amended Petition on September 20, 2024. On that day, the Business

-10-

Court acquired jurisdiction over the "action" because a publicly traded company became "a party to the action" under § 25A.004(c). There is no other way to interpret and apply Subsection (c). Therefore, the removal on October 14, 2024 was in compliance with the statute, including its enabling legislation and effective date, and the Business Court has jurisdiction over the entire "action." Because the Business Court has jurisdiction over the action, it abused its discretion by remanding the case to the 11th District Court of Harris County.

**B. Stay is necessary to preserve the Business Court's and this Court's jurisdiction and avoid irreparable harm to the Relators.**

A stay of the enforcement of the Order pending mandamus review will protect the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers the merits of the original proceeding. *In re J.P.L.*, 653 S.W.3d 767, 770 n.5 (Tex. App.—Tyler 2022, no pet.). "A stay of the underlying proceedings prevents the parties and the respondent trial court from taking action in the case until they receive further orders from the appellate court." *In re Bates*, 429 S.W.3d 47, 53 (Tex. App.— Houston [1st Dist.] 2014, orig. proceeding).

If the Petition is granted, the Business Court will hear and decide the entire action, the correct result given that the Business Court has jurisdiction

to hear the properly removed matter. If a temporary stay of the Remand Order and the district court proceeding is not granted, the parties could face potentially conflicting rulings from the two trial courts, which answer to different appellate courts, and Relators will be deprived of the benefits the Texas Legislature and Governor contemplated in creating the Business Court, including expediency, specialized judges, and written opinions. A stay will ensure that the Business Court maintains jurisdiction to decide the entire action, as is required under the law, and ensure that this Court maintains jurisdiction to decide the Petition and direct which trial court has jurisdiction to hear the action.

## CONCLUSION AND PRAYER

Relators request that this Court grant an emergency temporary stay of the Order and the proceedings in the district court until this Court has an opportunity to review and rule on the merits of the Relators' Petition for Writ of Mandamus. Relators request such other relief to which they may be entitled.

Respectfully submitted,

G<span>REENBERG</span> T<span>RAURIG</span>, LLP

By: */s/Elizabeth G. "Heidi" Bloch*
Elizabeth G. "Heidi" Bloch
State Bar No. 02495500
heidi.bloch@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

Roland Garcia
State Bar No. 7645250
garciar@gtlaw.com
G<span>REENBERG</span> T<span>RAURIG</span>, LLP
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
T: (713) 374-3500
F: (713) 374-3505

*Counsel for Relators Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation*

**CERTIFICATE OF CONFERENCE**

As required by Texas Rule of Appellate Procedure 52.10, I certify that on March 17, 2025, I notified counsel for Real Party Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P. that Relators would be filing this Motion for Emergency Temporary Relief shortly. I spoke with Andrew Bender on the phone and left a message for Sharon McCally. Mr. Bender stated that Real Party is opposed to this Motion.

/s/ Elizabeth G. "Heidi" Bloch
Elizabeth G. "Heidi" Bloch

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion, including any and all attachments, was served on counsel of record by using the Court's e-filing system and on the Honorable Sofia Adrogué via email and mail to her Staff Attorney, Foster Baird, and her Court Manager, Kirina McNamara, on the 17th day of March, 2025, addressed as follows:

Hunter M. Barrow
State Bar No. 24025240
hbarrow@andrewsmyers.com
Emily W. Miller
State Bar No. 24079527
emiller@andrewsmyers.com
Sharon McCally
State Bar No. 13356100
smccally@andrewsmyers.com
Andrew B. Bender
State Bar No. 24084290
abender@andrewsmyers.com
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
T: (713) 850-4200

*Counsel for Real Party in Interest, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.*

Hon. Sofia Adrogué
c/o Foster Baird, Staff Attorney
Foster.Baird@txcourts.gov
Kirina McNamara, Court Manager
Kirina.McNamara@txcourts.gov
Texas Business Court
Eleventh Division
301 Fannin Street
Houston, Texas 77002
T: (713) 274-1067
T: (713) 274-1625

*Respondent*                              */s/ Elizabeth G. "Heidi" Bloch*
                                          Elizabeth G. "Heidi" Bloch

-15-

| APPENDIX | |
|---|---|
| **T**AB | **D**OCUMENT |
| A. | Order signed February 25, 2025 |
| B. | Tex. Gov't Code §§ 25A.001 – 25A.020 |
| C. | H.B. 19 |

# Tab A
# Order signed February 25, 2025

2025 Tex. Bus. 8



## THE BUSINESS COURT OF TEXAS
### ELEVENTH DIVISION

| | | |
|---|---|---|
| Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P., <br><br> *Plaintiff,* <br><br> v. <br><br> Kimco Realty Services, Inc., Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Corporation, <br><br> *Defendants.* | § § § § § § § § § § § § | Cause No. 24-BC11A-0013 |

### SYLLABUS[1]

*This opinion addresses the removability of actions to the Texas Business Court that were filed in the district court before September 1, 2024, where a publicly traded company was joined as a defendant in the underlying case after September 1, 2024, and Defendants filed an opposed notice of removal within thirty days of the publicly traded defendant's joinder. The Court concludes that it lacks subject-matter jurisdiction over this action because Section 8 of House Bill 19 limits the applicability of Texas Government Code Chapter 25A to "civil actions commenced on or after September 1, 2024."*

---

[1] The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.



**THE BUSINESS COURT OF TEXAS**
**ELEVENTH DIVISION**

| | | |
|---|---|---|
| Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Cause No. 24-BC11A-0013 |
| Kimco Realty Services, Inc., Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Corporation, | § § § § | |
| *Defendants.* | § | |

**OPINION AND ORDER**

## I. INTRODUCTION

¶1 Before the Court is (1) the Notice of Removal by Defendants, Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation (collectively, "Defendants") filed October 14, 2024 ("Notice of Removal" or "Notice"); (2) Defendants' Brief Supporting Removal to Texas Business Court filed November 5, 2024 ("Defendants' Initial Brief" or "Initial Brief"); (3) Plaintiff, Cypress Towne Center, Ltd.'s ("Plaintiff") Motion to Remand and Brief Regarding Jurisdiction

filed November 12, 2024 ("Motion to Remand"); (4) Defendants' Response to Plaintiff's Motion to Remand and Brief Regarding Jurisdiction filed November 22, 2024 ("Defendants' Response" or "Response"); (5) Plaintiff's Reply in Support of Plaintiff's Motion to Remand filed December 2, 2024 ("Plaintiff's Reply" or "Reply"); (6) Plaintiff's Proposed Opinion and Order filed December 5, 2024 ("Plaintiff's Proposed Opinion"); (7) Defendants' Proposed Opinion and Order filed December 23, 2024 ("Defendants' Proposed Opinion"); (8) Plaintiff's February 6, 2025 e-mail submission of the *Sebastian*[1] opinion; and (9) Defendants' Response to Plaintiff's Submission of the [*Sebastian*] Decision to This Court filed February 11, 2025 ("Defendants' *Sebastian* Brief" or "*Sebastian* Brief"). The Court held a hearing on this matter on December 5, 2024. Having considered the Parties' arguments and the relevant law, the Court **GRANTS** Plaintiff's Motion to Remand and **ORDERS** that this suit be remanded to the district court.

## II. PROCEDURAL BACKGROUND

¶2    On June 16, 2022, Plaintiff commenced this action in the 11th Judicial District Court of Harris County against its partners, Kimco Developers, Inc., and KD Houston 1086A, Inc.,[2] asserting both individual and derivative claims.[3] According to Defendants, "Plaintiff's claims arise out of an accounting adjustment made by the General

---

[1] *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025).
[2] App. to Notice of Removal at BC APPX 000003-000018 (Plaintiff's Original Petition, filed June 16, 2022).
[3] Plaintiff's Proposed Opinion at 2; *see* Motion to Remand at 3 ("In 2021, without notice to Cypress, Kimco retroactively recharacterized its prior loans as equity investments earning a 10% preferred return. This unilateral change increased Kimco's priority return by 230 percent—from $2.1 million to nearly $7 million—effectively eliminating Cypress's partnership value while increasing Kimco's invested capital by over $2 million."); *see generally* App. to Notice of Removal at BC APPX 000003-000018 (Plaintiff's Original Petition, filed June 16, 2022); BC APPX 000127-000144 (Plaintiff's First Amended Petition, filed December 4, 2023); BC APPX 000147-000163 (Plaintiff's Second Amended Petition, filed December 11, 2023); BC APPX 000418-000439 (Plaintiff's Third Amended Petition, filed September 20, 2024).

2

Partner and include breach of contract, breach of fiduciary duty, declaratory relief, vicarious liability, conspiracy, piercing the corporate veil, and alter ego."[4] Since Plaintiff filed its original petition, the Parties have engaged in substantial motion practice, including a mandamus proceeding concerning net worth discovery which was resolved by the Fourteenth Court of Appeals.[5] The third trial setting in the underlying case was scheduled for March 3, 2025.[6]

¶3    On September 20, 2024, nineteen days after this Court opened for business,[7] Plaintiff filed its Third Amended Petition, adding Kimco Realty Corporation ("KRC") (a publicly traded company, NYSE: KIM) as a defendant under theories of veil piercing and alter ego liability.[8] Twenty-four days later, on October 14, 2024, Defendants filed their opposed Notice of Removal to the Texas Business Court.[9] In the Notice, Defendants state:

> Jurisdiction is proper in the 11th Business Court Division pursuant to TEX. GOV'T CODE § 25A.004(c) and (e). Defendant Kimco Realty Corporation (NYSE: KIM) is a publicly traded company and both Plaintiff and Defendants/Counter-Plaintiffs in this action seek declaratory judgments

---

[4] Defendants' Proposed Opinion at 2.

[5] Plaintiff's Proposed Opinion at 2; *see* Notice of Opinion Distribution (filed in this Court on January 7, 2025); *In re Kimco Developers, Inc.*, No. 14-24-00361-CV, 2024 WL 5250445 (Tex. App.—Houston [14th Dist.] Dec. 31, 2024, orig. proceeding).

[6] App. to Notice of Removal at BC APPX 000414 (Order signed by Judge Hawkins, resetting trial for March 3, 2025).

[7] *See* Tex. H.B. 19, § 5, 88th Leg., R.S. (2023) ("Except as otherwise provided by this Act, the business court is created September 1, 2024.").

[8] App. to Notice of Removal at BC APPX 000418-000439 (Plaintiff's Third Amended Petition). Of note, KRC has been mentioned in Plaintiff's pleadings since the outset of this litigation, each successive petition reading: "[KRC] is a real estate investment trust that invests in shopping centers throughout the United States. The company's properties are generally owned and operated through various subsidiaries, such as its wholly-owned subsidiary [Kimco Developers, Inc. or KDI]." *See id.* at BC APPX 000006 (¶ 10 in Plaintiff's Original Petition, filed June 16, 2022); BC APPX 000130 (¶ 10 in Plaintiff's First Amended Petition, filed December 4, 2023); BC APPX 000150 (¶ 10 in Plaintiff's Second Amended Petition, filed December 11, 2023); BC APPX 000421 (¶ 12 in Plaintiff's Third Amended Petition, filed September 20, 2024).

[9] In general, if all parties to an action have not agreed to remove the action, the notice of removal must be filed not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action. TEX. GOV'T CODE § 25A.006(f)(1); TEX. R. CIV. P. 355(c)(2)(A).

3

interpreting the Limited Partnership Agreement of Kimco 290 Houston II, LP under Chapter 37 of the Civil Practice and Remedies Code. Accordingly, this cause is removable pursuant to TEX. GOV'T CODE § 25A.006(d) and TEX. R. CIV. P. 355(a).[10]

By filing their Notice, Defendants removed the entire action from the district court, including all claims and causes of action which were initially brought prior to September 1, 2024.[11]

¶4  By its order of October 15, 2024, the Court directed the Defendants to file briefing concerning the propriety of this suit's removal to the Texas Business Court and regarding the Court's authority and jurisdiction to hear the suit. The Court set the deadline for Defendants' briefing for November 5, 2024; and ordered that Plaintiff may file any responsive brief on or before November 12, 2024.

¶5  On November 5, 2024, Defendants filed their Initial Brief. On November 12, 2024, in lieu of a response brief, Plaintiff filed its Motion to Remand. Therefore, the Court granted leave for Defendants to file their Response on November 22, 2024; and Plaintiff to file its Reply on December 2, 2024. On December 5, 2024, the day of the hearing on Plaintiff's Motion to Remand, Plaintiff filed Plaintiff's Proposed Opinion granting remand.

---

[10] Notice of Removal at ¶¶ 3-4. There has been significant argument concerning whether concurrent (TEX. GOV'T CODE § 25A.004(e)) or supplemental (TEX. GOV'T CODE § 25A.004(f)) jurisdiction would apply to certain claims in the lawsuit; and relatedly, whether certain claims are derivative or direct claims. *See* Defendants' Initial Brief at 7, n.13; Plaintiff's Motion to Remand at 9-15; Defendants' Response Brief at 6–7; Plaintiff's Reply at 2-3, n.2; Defendants' Proposed Opinion at 7-8. While the Court appreciates the Parties' comprehensive approach, the Court need not reach a resolution of this portion of the dispute because Chapter 25A does not apply to this action. *See* Analysis *infra* ¶¶ 10-15 and accompanying authorities; Plaintiff's Reply at 2-3, n.2.

[11] Defendants' Initial Brief at 4 ("Because the Petition filed on September 20, 2024, added a publicly traded company as a defendant and both Plaintiff and Defendants seek declaratory judgments by the Court as to the meaning of the LPA, the entire matter is within this Court's jurisdiction, including as to the parties against whom the action was initially brought prior to September 1, 2024.").

At the hearing, the Court granted leave for Defendants to file a proposed opinion denying remand. On December 23, 2024, Defendants filed Defendants' Proposed Opinion. On February 6, 2025, Plaintiff sent correspondence to the Court attaching the opinion in *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025). On February 10, 2025, Defendants moved for leave to file a brief concerning *Sebastian*, which the Court granted. On February 11, 2025, Defendants filed the *Sebastian* Brief.

### III. LEGAL STANDARD

¶6    For every judicial proceeding, "subject-matter jurisdiction must exist before we can consider the merits," and a court must examine its jurisdiction "any time it is in doubt." *Tex. Propane Gas Ass'n v. City of Houston*, 622 S.W.3d 791, 797 (Tex. 2021) (quoting *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993) ("Subject[-]matter jurisdiction is never presumed and cannot be waived."). "Whether a court has subject[-]matter jurisdiction is a question of law." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024).

¶7    A Notice of Removal to the Business Court must plead facts to establish the Business Court's authority to hear the action. TEX. R. CIV. P. 355(b)(2)(A). If the Business Court does not have jurisdiction over a removed action, the Business Court shall remand the action to the court in which the action was originally filed. TEX. GOV'T CODE § 25A.006(d); TEX. R. CIV. P. 355(f)(1).

## IV. ANALYSIS

**A. The Court lacks subject-matter jurisdiction over the removed action because it commenced prior to September 1, 2024.**

¶8    "As with every question of statutory construction, our duty is to accurately articulate the meaning of the enacted text—here," of H.B. 19.[12] *Brown v. City of Houston*, 660 S.W.3d 749, 752 (Tex. 2023).  Indeed, "H.B. 19's plain 'text is the alpha and omega of the interpretive process.'" *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 4648110, at *3 (Oct. 30, 2024) (citing *In re Panchakarla*, 602 S.W.3d 536, 541 (Tex. 2020); *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)).  "When the text unambiguously answers a question, our inquiry ends." *Brown*, 660 S.W.3d at 752.

¶9    When Governor Greg Abbott signed H.B. 19 into law on June 9, 2023, the enrolled version of the Bill included two sections that are pertinent to this Opinion:

  i.   Section 1, which vests the Court with its jurisdiction, and sets forth the text of the new Chapter 25A of the Texas Government Code,[13] and

  ii.  Section 8, which states: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[14]

---

[12] In this context, as this Court has opined, the enrolled version of H.B. 19 is the binding statute enacted by the Texas Legislature. *Lone Star NGL Prod. Servs. v. Eagleclaw Midstream Ventures*, 2024 Tex. Bus. 8 at ¶ 14, n.29, 2024 WL 5202356, at *5 (Dec. 20, 2024); *see* TEX. GOV'T CODE § 311.029 (under the Code Construction Act, "the language of the enrolled bill version controls" over any subsequent printing of the statute).

[13] Tex. H.B. 19, § 1, 88th Leg., R.S. (2023) (emphasis added); *see* TEX. GOV'T CODE § 25A.004 (entitled "Jurisdiction and Powers").

[14] Tex. H.B. 19 at § 8.

¶10 After exhaustive consideration of the issue by each division of the Texas Business Court, the Fifteenth Court of Appeals recently rendered a binding opinion concerning whether the Business Court has subject-matter jurisdiction over actions commenced prior to September 1, 2024. In holding that the Business Court did not have jurisdiction over an action pending prior to September 1, 2024, the Fifteenth Court of Appeals opined: "The fundamental problem here is that if the Act [H.B. 19] were to apply to civil actions commenced both before and after the effective date, the effective date itself would be meaningless; the Act [H.B. 19] would apply to all cases everywhere all at once. We cannot construe this effective date to effectively eliminate any effective date." *In re ETC Field Servs., LLC*, No. 15-24-00131-CV, 2025 WL 582320, at *3 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding).

¶11 This is consistent with the Business Court's consensus interpretation of Sections 1 and 8 of H.B. 19. In essence, it is now settled that the Texas Business Court lacks subject-matter jurisdiction over actions which were commenced prior to September 1, 2024. *See Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Nov. 7, 2024); *Bestway Oilfield Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Jan. 17, 2025); *Energy Transfer*, 2024 Tex. Bus. 1, 2024 WL 5320611. As Plaintiff accurately assessed, "[t]he Texas Legislature spoke with precision when crafting Chapter 25A's temporal scope: it applies only to 'civil actions commenced on or after September 1, 2024.'"[15] Therefore, parties to a lawsuit

---

[15] Motion to Remand at 4.

7

commenced before September 1, 2024, may not rely on Texas Government Code Chapter 25A to justify subject-matter jurisdiction in the Business Court.[16] In applying this general rule, the only operative fact is the commencement date of the action which was removed to the Business Court.[17]

¶12 Without deviation, each division of the Business Court has concluded that, under Section 8, a "civil action" commences when the original petition was filed. *See Yadav*, 2025 Tex. Bus. 7 at ¶¶ 29–30, 59, 62, 2025 WL 467645, at *6–11 (for purposes of Section 8, the removed action commenced upon the filing of Plaintiff's Original Petition, even when new claims were joined to the lawsuit after September 1, 2024); *Sebastian*, 2025 Tex. Bus. 4 at ¶¶ 20–26, 2025 WL 394634, at *3–5 (despite an attempt to remove only some of the claims in the underlying lawsuit, the relevant "civil action" in the analysis of Section 8 is the entire action, which commences on the filing of the original petition); *Osmose*, 2025 Tex. Bus. 3 at ¶¶ 15–30, 2025 WL 370681, at *3–5 (within the context of Section 8, the commencement date for an action is the date on which the original petition was filed, not the date on which discrete claims are made against various parties); *Jorrie*, 2024 Tex. Bus. 4 at ¶ 12, 2024 WL 5337409, at *2 (under Section 8, the relevant action

---

[16] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

[17] Each division of the Business Court relies entirely on the commencement date of the removed action to determine whether Section 8 requires remand. *See Energy Transfer*, 2024 Tex. Bus. 1, 2024 WL 5320611; *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, 2024 Tex. Bus. 2, 2024 WL 5337412 (Oct. 31, 2024); *Tema Oil and Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3, 2024 WL 5337411 (Nov. 6, 2024); *Jorrie*, 2024 Tex. Bus. 4, 2024 WL 5337409; *Winans*, 2024 Tex. Bus. 5, 2024 WL 5337410; *XTO Energy, Inc. v. Houston Pipe Line Co., LP*, 2024 Tex. Bus. 6, 2024 WL 5337408 (Nov. 26, 2024); *Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7, 2024 WL 5337346 (Dec. 16, 2024); *Lone Star*, 2024 Tex. Bus. 8, 2024 WL 5337407; *Bestway*, 2025 Tex. Bus. 2, 2025 WL 251338; *Osmose Utils. Servs., Inc. v. Navarro Cnty. Electric Cooperative*, 2025 Tex. Bus. 3, 2025 WL 370681 (Jan. 31, 2025); *Sebastian*, 2025 Tex. Bus. 4, 2025 WL 394634; *Yadav v. Agrawal*, 2025 Tex. Bus. 7, 2025 WL 467645 (Feb. 11, 2025).

commenced when the original petition was filed); *Tema*, 2024 Tex. Bus. 3 at ¶¶ 14–15, 2024 WL 5337411, at *3 (the commencement date for an action under Section 8 is the date on which the original petition was filed). Plaintiff's analysis cogently articulates this point. "[U]nlike the term 'filed,' which may apply equally to suits or to causes of action within a suit, the term 'commenced' refers specifically to the initiation of a suit as a whole."[18]

¶13    To illustrate, an adaptation of the Fifteenth Court of Appeals' language in *ETC Field Services* demonstrates how the settled rule would apply in this case:

> *Commence* means to "begin" or "start," and is used primarily in "more formal associations with law and procedure, combat, divine service, and ceremony." [Texas Rule of Civil Procedure 22 uses] the term in the precise context of starting a new lawsuit: "A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk." This civil action was thus "commenced" in the [Harris] County district court on [June 16, 2022], not in the business court. Its removal to the business court [two] years later on September [20], 2024 . . . did not *commence* a new civil action but *continued* the previous one in a different court.[19]

¶14    Thus, Defendants appear to urge that this Court create an exception to the Business Court's settled rule, and hold that a party may remove an action which was commenced prior to September 1, 2024 if the action is subsequently amended to add a publicly traded company as a defendant after September 1, 2024.[20] Under the facts presented here—where Defendants removed the entire action including all claims and

---

[18] Motion to Remand at 6 (citing TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); TEX. R. CIV. P. 6 ("No civil suit shall be commenced . . . on Sunday."); *Straub v. Pesca Holding LLC*, 621 S.W.3d 299, 302-05 (Tex. App.—San Antonio 2021, no pet.) (distinguishing between "filed" and "commenced")).

[19] *In re ETC Field Servs.*, 2025 WL 582320, at *2 (citations omitted).

[20] *See* Defendants' Proposed Opinion at 4–5.

controversies pending prior to September 1, 2024[21]—the Court cannot justifiably deviate from the established rule.

¶15 Because the Court declines to adopt Defendants' desired exception to the established interpretation of Section 8, the rule remains simple in application. Plaintiff's Original Petition was filed in the district court on June 16, 2022.[22] Because this lawsuit was commenced before September 1, 2024, the Court holds that (i) the Defendants may not rely on Chapter 25A to justify subject-matter jurisdiction in this case; and (ii) the Court lacks subject-matter jurisdiction over the action.

**B. The post-September 1, 2024 addition of a publicly traded defendant in a pre-September 1, 2024 civil action does not affect the Court's jurisdictional analysis or the operation of Section 8.**

¶16 Defendants attempt to distinguish this case from its forebears, characterizing this as a "matter of first impression to the Business Courts regarding removal when a publicly traded company is added to an action as a defendant for the first time after September 1, 2024."[23] In support of this effort, Defendants rely on the language of Texas Government Code Sections 25A.004(b) and (c).[24] Working in tandem, and subject to the restrictions of Section 8 and H.B. 19 generally, these provisions create subject-matter

---

[21] Defendants' Response at 2 ("As Defendants *have a clear right to remove the entire action* and this Court has jurisdiction over same, Cypress' Motion should be denied and *this Court should exercise its jurisdiction to hear the entire action*.") (emphasis added).

[22] App. to Notice of Removal at BC APPX 000003–000018 (Plaintiff's Original Petition).

[23] Defendants' Proposed Opinion at 1; *see* Defendants' Response at 1 ("Cypress gives short shrift to the unique posture of this case of first impression: Cypress filed its third amended Petition after September 1, 2024, on September 20, 2024, which added a publicly traded entity for the first time and triggered the permissive right to remove this action to the Business Court, which Defendants exercised.").

[24] Defendants' Proposed Opinion at 3.

jurisdiction in the Texas Business Court over seven specific categories of action[25] (i) wherein "the amount in controversy exceeds $5 million, excluding interest, statutory and exemplary damages, penalties, attorney's fees, and court costs;" or (ii) "regardless of the amount in controversy if a party to the action is a publicly traded company." TEX. GOV'T CODE § 25A.004(b)–(c).

¶17    Defendants contend that because (i) certain claims and causes of action asserted in this case allegedly fall within these seven specific categories; and (ii) KRC, a publicly traded company, was added as a party to this action after September 1, 2024, that the Business Court has subject-matter jurisdiction over the entire action, including those claims and causes of action which pre-existed the Court.[26] However, Defendants offer no alternative construction of H.B. 19, nor do we conclude an alternative construction exists,

---

[25] These categories are as follows:

> (1) a derivative proceeding; (2) an action regarding the governance, governing documents, or internal affairs of an organization; (3) an action in which a claim under a state or federal securities or trade regulation law is asserted against: (A) an organization; (B) a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official; (C) an underwriter of securities issued by the organization; or (D) the auditor of an organization; (4) an action by an organization, or an owner of an organization, if the action: (A) is brought against an owner, controlling person, or managerial official of the organization; and (B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization; (5) an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith; (6) an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and (7) an action arising out of the Business Organizations Code.

TEX. GOV'T CODE § 25A.004(b)(1)–(7).
[26] Defendants' Response at 2 ("As Defendants have a clear right to remove the entire action and this Court has jurisdiction over same, Cypress' Motion should be denied and *this Court should exercise its jurisdiction to hear the entire action.*") (emphasis added).

11

which might indicate that the addition of a publicly traded company following September 1, 2024 affects the Court's application of Section 8.

¶18   In the legal analysis presented, Defendants rely principally on (i) two context-dependent rulings concerning the meaning of the word "commence"—*Martinez v. Gonzales*[27] and *Morris v. Ponce*[28]—and (ii) a conclusory "Construction of the Enabling Legislation."[29]   Moreover, certain arguments concerning judicial efficiency, legislative history, and federal removal authority, while present in Defendants' briefing, were not utilized as primary bases for Defendants' Proposed Opinion.[30] Nevertheless, the Court will address each of these items *seriatim*.

### i.  *Martinez* and *Morris* are inapposite to the analysis of Section 8's effect on the scope of the Court's subject-matter jurisdiction.

¶19   *Martinez* concerns the effective date of 2013 amendments to Texas Civil Practice & Remedies Code § 74.351(a).  The pre-2013 version of Section 74.351(a) stated, in relevant part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date *the original petition was filed*, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[31]

---

[27] No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied); *see* Defendants' Proposed Opinion at 4–5.

[28] 584 S.W.3d 922 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see* Defendants' Proposed Opinion at 4–5.

[29] Defendants' Proposed Opinion at 3 (Section entitled "Construction of the Enabling Legislation").

[30] *Compare* Defendants' Initial Brief at 8–13 (discussing "gain efficiencies" and legislative history); Defendants' Response Brief at 8 ("This action is exactly the type of case the Legislature and Governor envisioned the Business Court hearing."), *with* Defendants' Proposed Opinion.

[31] *Martinez*, 2015 WL 5626242, at *2 (quoting Act of June 17, 2005, 79th Leg. R.S., ch. 635, § 1, 2005 TEX. SESS. LAW SERV. Ch. 635 (current version at TEX. CIV. PRAC. & REM. CODE § 74.351(a))) (emphasis added).

The 2013 amendment reads:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date *each defendant's original answer is filed*, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[32]

¶20   Per the Legislature's explicit statements in the 2013 amendment's enabling legislation, it "applie[d] only to an action *commenced* on or after [September 1, 2013]."[33] The plaintiffs filed their original petition containing health care liability claims prior to September 1, 2013, but on September 11, 2013, amended their petition to name two new physician defendants. The new defendants filed their answers on October 13 and 21, 2013.

¶21   Under the pre-2013 version of Section 74.351(a), the expert reports would both have been due on January 9, 2014.[34] Under the 2013 amendment, the expert reports would have been due February 10 and 18, 2014, respectively.[35] Plaintiffs served the expert reports concerning both new physician defendants on January 31, 2014.[36] Naturally, the new physician defendants moved to dismiss the claims against them for lack of timely expert reports.[37] The trial court denied the motions, and the new physician defendants appealed.[38] Affirming the trial court, the Thirteenth Court of Appeals stated, "we hold that *for purposes of section 74.351(a)*, an action *commences* when the particular defendant is named, thus triggering the applicable deadline for serving an expert report."[39]

---

[32] *Martinez*, 2015 WL 5626242, at *1 (citing TEX. CIV. PRAC. & REM. CODE § 74.351(a)) (emphasis added).
[33] *Id.*
[34] *See id.*
[35] These dates were not explicitly calculated in the *Martinez* opinion but are added here for clarity.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.* at *4 (emphasis added).

¶22　In *Morris*, the Fourteenth Court of Appeals ruled on the exact same legal issue, concurring with the Thirteenth Court of Appeals.[40] In sum, both *Martinez* and *Morris* set forth a context-dependent meaning of the word "commencement"[41] where the relevant statute concerned a health care liability defendant's statutory procedural rights.

¶23　Defendants rely on *Martinez* and *Morris* to justify the assertion that "[s]ince the action was commenced against KRC after September 1, 2024, [D]efendants had the right to remove *the action* to this Court under Section 25A.006(d)."[42] However, as Defendants have made clear, it is not solely the action against KRC (*i.e.*, the arguably jurisdictional action) which Defendants removed to the Business Court, but the entire action.[43] Because the relevant sections of H.B. 19 do not prescribe any party-specific rights in this context, *Martinez* and *Morris* are inapposite.[44]

---

[40] *Morris*, 584 S.W.3d at 928 ("[W]e hold that, *for purposes of section 74.351(a)*, an action commences as to each defendant when it is first named as a defendant.") (emphasis added).

[41] *See also S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 396 (Tex. App.—Austin 2011, no pet.) ("We conclude that, for purposes of the effective date of [a different section of the Texas Civil Practice and Remedies Code], an action commences when the original petition is filed. For this purpose, the action does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time."). The Court is cognizant of the Parties' briefing on *S & P Consulting*; it does not need to discuss this case in depth as the rule concerning "commencement" for purposes of Section 8 has been settled by the other divisions of the Business Court. *See* Motion to Remand at 6; Defendants' Response at 4; Plaintiff's Proposed Opinion at 4; Defendants' Proposed Opinion at 4; *Sebastian* Brief at 2.

[42] Defendants' Proposed Opinion at 5 (emphasis added); *see* Defendants' Response at 3–5.

[43] Defendants' Proposed Opinion at 8 ("The Court therefore has jurisdiction over this entire action under [Chapter 25A].").

[44] *Yadav*, 2025 Tex. Bus. 7 at ¶ 75, 2025 WL 467645, at *13 ("The Court finds *Morris* . . . and *Martinez* distinguishable from the case at hand. Those cases turn on when an action commenced as to a particular party for purposes of triggering that party's rights or obligations[] . . . [and] concern whether new claims filed in an existing lawsuit constitute an action for purposes of limitations as to a particular party. Here, the determination is whether the Business Court has jurisdiction of the 'action,' not when a particular party's rights or duties were triggered.") (emphasis omitted) (footnotes omitted); *see Sebastian*, 2025 Tex. Bus. 4 at ¶ 24, 2025 WL 394634, at *4 (labeling *Martinez* and *Morris* as "nonbinding precedent," and rejecting an attempt at partial removal); *see also* Defendants' *Sebastian* Brief at 2 (discussing *Sebastian*'s analysis of *Martinez* and *Morris*). In the *Sebastian* Brief, Defendants state "The *Sebastian* court itself recognized the result would be different if the subsequent pleading created a new lawsuit. . . . A new lawsuit is exactly what *Martinez* held results from an amended petition adding defendants, which is what happened here. . . ."

**ii. Section 8 is unambiguous and applies to all parties in a civil action, independent of when a party is joined.**

¶24    Defendants do not proffer any alternative construction of Section 8 to justify their position. Instead, Defendants propose that this Court rely on the following conclusory statement:

> *Nothing* in Section 8 of House Bill 19 suggests that defendants who have actions brought against them for the first time after September 1, 2024 cannot exercise their right to have those actions heard in the Business Court just because their co-defendants had claims brought against them prior to September 1, 2024.[45]

¶25    On the contrary, as this Court has held, Section 8 of H.B. 19 unambiguously operates as a jurisdictional provision when applied to Texas Government Code Section 25A.004 (entitled "Jurisdiction and Powers"), such that no party to a civil action commenced prior to September 1, 2024 may rely on the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court.[46] In its current unqualified form, Section 8 uniformly applies to all parties in a civil action, independent of when a party is joined.[47]

---

Defendants' *Sebastian* Brief at 2–3. This statement does not fully reflect the *Sebastian* court's analysis. One of the primary holdings of *Sebastian* was that, for purposes of Section 8, a civil action commences with the original petition's filing, regardless of when additional parties are joined. *See Sebastian*, 2025 Tex. Bus. 4 at ¶ 22, 2025 WL 394634, at *3. Thus, under *Sebastian*, the post-September 1, 2024 joinder of new claims and parties (as occurred here in Plaintiff's Third Amended Petition) does not create a new lawsuit for purposes of Section 8. *See* Defendants' *Sebastian* Brief at 2–3 ("The *Sebastian* court itself recognized the result would be different if the subsequent pleading created a new lawsuit.").

[45] Defendants' Proposed Opinion at 3 (emphasis added).

[46] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

[47] *See* note 17 *supra* and accompanying text. Each Business Court decision concerning Section 8 turns on one operative fact—the commencement date of the removed action. This includes the *Sebastian* decision, which concluded that a civil action commences with the original petition's filing, regardless of when additional parties are joined; and that Chapter 25A permits removal of an entire "action" rather than of individual claims. *See Sebastian*, 2025 Tex. Bus. 4, 2025 WL 394634.

### iii. Appeals to judicial economy and legislative history cannot overcome the text of H.B. 19.

¶26 In their briefs, Defendants also placed emphasis on judicial economy and the legislative history of H.B. 19.[48] These arguments cannot overcome the text of H.B. 19. It is fundamental that a focus on judicial economy cannot supersede the bedrock requirement of subject-matter jurisdiction,[49] and Texas courts "do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent."[50] As applied in this matter, Section 8 lacks ambiguity.

### iv. Defendants' comparison between the Texas Business Court's removal procedure and federal removal procedure does not account for the existence of Section 8.

¶27 Finally, in their efforts to bypass Section 8, Defendants appear to compare the Business Court's removal procedure with federal removal procedure.[51] Defendants highlight that "the federal courts [ensure] removability within 30 days after the amendment from which removability may be ascertained was filed, no matter the filing date of the initial suit."[52] In the Business Court, there is a similar procedure for the opposed removal of actions which are amended to add jurisdictional claims following the commencement of suit.[53] However, Defendants do not argue—and there does not appear to be any basis to argue—that the existence of this similar procedure somehow operates to

---

[48] Defendants' Initial Brief at 8–13; *see* Plaintiff's Reply at 2 (observing that Defendants' Chapter 25A arguments were "mutating").
[49] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 26, 2024 WL 5337407, at *8.
[50] *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018).
[51] *See* Defendants' Response at 5; Defendants' Proposed Opinion at 4, n.2; Defendants' *Sebastian* Brief at 3, n. 4.
[52] Defendants' *Sebastian* Brief at 3, n.4.
[53] *See* Procedural Background, *supra* note 9; TEX. GOV'T CODE § 25A.006(f)(1); TEX R. CIV. P. 355(c)(2)(A).

supersede the text of Section 8, which clearly dictates that "[t]he changes in law made by [H.B. 19]," including Chapter 25A, only "apply to civil actions commenced on or after September 1, 2024."[54] Ultimately, this comparison never coalesced with a functional legal theory which might vest the Court with subject-matter jurisdiction.

¶28    While this matter does raise new factual themes,[55] Defendants do not demonstrate how this case is legally distinguishable from any of the pre-September 1, 2024 actions which have been remanded by the Texas Business Court. Defendants removed a civil action which was pending prior to September 1, 2024. However, no party to a civil action pending prior to September 1, 2024 may utilize the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court.[56] Therefore, the Court must remand for lack of subject-matter jurisdiction.

## V. CONCLUSION

¶29    Defendants have failed to establish that the Court has subject-matter jurisdiction over this case. *See* TEX. R. CIV. P. 355(b)(2)(A). As a result, the Court is required to remand this case to the district court. *See* TEX. GOV'T CODE § 25A.006(d) ("If the business court does not have jurisdiction of the [removed] action, the business court *shall* remand the action to the court in which the action was originally filed.") (emphasis added). Therefore, Plaintiff's Motion to Remand is **GRANTED** and it is **ORDERED** that

---

[54] *See* Tex. H.B. 19 at § 8; Defendants' Proposed Opinion at 4, n.2; Defendants' Response at 5.

[55] *See* Analysis, *supra* at ¶ 16; Defendants' Proposed Opinion at 1 ("This opinion addresses a matter of first impression to the Business Courts regarding removal when a publicly traded company is added to an action as a defendant for the first time after September 1, 2024.").

[56] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

the Business Court Clerk shall remand this cause to the 11th Judicial District Court of Harris County, Texas without delay.

SO ORDERED.

_____
Hon. Sofia Adrogué
Texas Business Court, Eleventh Division

DATED: February 25, 2025

# Tab B
# Tex. Gov't Code §§ 25A.001 – 25A.020

GOVERNMENT CODE

TITLE 2. JUDICIAL BRANCH

SUBTITLE A. COURTS

CHAPTER 25A.  BUSINESS COURT

Sec. 25A.001.  DEFINITIONS.  In this chapter:
          (1)  "Controlling person" means a person who directly or indirectly controls a governing person, officer, or organization.
          (2)  "Derivative proceeding" means a civil action brought in the right of a domestic or foreign corporation, a domestic or foreign limited liability company, or a domestic or foreign limited partnership, to the extent provided by the Business Organizations Code.
          (3)  "Governing documents" means the instruments, documents, or agreements adopted under an organization's governing law to govern the organization's formation and internal affairs.  The term includes:
                    (A)  a certificate of formation, articles of incorporation, and articles of organization;
                    (B)  bylaws;
                    (C)  a partnership agreement;
                    (D)  a company agreement or operating agreement;
                    (E)  a shareholder agreement;
                    (F)  a voting agreement or voting trust agreement; and
                    (G)  an agreement among owners restricting the transfer of ownership interests.
          (4)  "Governing law" means the law governing the formation and internal affairs of an organization.
          (5)  "Governing person" means a person who is entitled, alone or as part of a group, to manage and direct an organization's affairs under the organization's governing documents and governing law.  The term includes:
                    (A)  a member of the board of directors of a corporation or other organization;
                    (B)  a general partner of a general or limited partnership;
                    (C)  a manager of a limited liability company that is managed by its managers;
                    (D)  a member of a limited liability company that is managed by its members;

    (E) a trust manager of a real estate investment trust; and

    (F) a trustee of a business trust.

   (6) "Governmental entity" means:

    (A) this state; or

    (B) a political subdivision of this state, including a municipality, a county, or any kind of district.

   (7) "Internal affairs" means:

    (A) the rights, powers, and duties of an organization's governing persons, officers, owners, and members; and

    (B) matters relating to the organization's membership or ownership interests.

   (8) "Managerial official" means a governing person or officer.

   (9) "Officer" means a person elected, appointed, or designated as an officer of an organization by the organization's governing persons or governing documents.

   (10) "Organization" means a foreign or domestic entity or association, regardless of whether the organization is for profit or nonprofit. The term includes:

    (A) a corporation;

    (B) a limited partnership;

    (C) a general partnership;

    (D) a limited liability partnership;

    (E) a limited liability company;

    (F) a business trust;

    (G) a real estate investment trust;

    (H) a joint venture;

    (I) a joint stock company;

    (J) a cooperative;

    (K) a bank;

    (L) a credit union;

    (M) a savings and loan association;

    (N) an insurance company; and

    (O) a series of a limited liability company or of another entity.

   (11) "Owner" means an owner of an organization. The term includes:

    (A) a shareholder or stockholder of a corporation or other organization;

    (B) a general or limited partner of a partnership or an assignee of a partnership interest in a partnership;

    (C) a member of, or an assignee of a membership interest in, a limited liability company; and

    (D) a member of a nonprofit organization.

   (12) "Ownership interest" means an owner's interest in an organization, including an owner's economic, voting, and management rights.

   (13) "Publicly traded company" means an entity whose voting equity securities are listed on a national securities exchange registered with the United States Securities and Exchange Commission under Section 6, Securities Exchange Act of 1934 (15 U.S.C. Section 78f) and any entity that is majority owned or controlled by such an entity.

   (14) "Qualified transaction" means a transaction, other than a transaction involving a loan or an advance of money or credit by a bank, credit union, or savings and loan institution, under which a party:

    (A) pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at least $10 million; or

    (B) lends, advances, borrows, receives, is obligated to lend or advance, or is entitled to borrow or receive money or credit with an aggregate value of at least $10 million.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


  Sec. 25A.002. CREATION. The business court is a statutory court created under Section 1, Article V, Texas Constitution.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


 For expiration of Subsections (d), (g), (h), (i), (k), (l), and (n), see Subsection (n).

  Sec. 25A.003. BUSINESS COURT JUDICIAL DISTRICT; DIVISIONS. (a) The judicial district of the business court is composed of all counties in this state.

  (b) The business court is composed of divisions as provided by this section.

  (c) The First Business Court Division is composed of the counties composing the First Administrative Judicial Region under Section 74.042(b).

  (d) The Second Business Court Division is composed of the counties composing the Second Administrative Judicial Region under Section

74.042(c), subject to funding through legislative appropriations. The division is abolished September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(e)  The Third Business Court Division is composed of the counties composing the Third Administrative Judicial Region under Section 74.042(d).

(f)  The Fourth Business Court Division is composed of the counties composing the Fourth Administrative Judicial Region under Section 74.042(e).

(g)  The Fifth Business Court Division is composed of the counties composing the Fifth Administrative Judicial Region under Section 74.042(f), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(h)  The Sixth Business Court Division is composed of the counties composing the Sixth Administrative Judicial Region under Section 74.042(g), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(i)  The Seventh Business Court Division is composed of the counties composing the Seventh Administrative Judicial Region under Section 74.042(h), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(j)  The Eighth Business Court Division is composed of the counties composing the Eighth Administrative Judicial Region under Section 74.042(i).

(k)  The Ninth Business Court Division is composed of the counties composing the Ninth Administrative Judicial Region under Section 74.042(j), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(l)  The Tenth Business Court Division is composed of the counties composing the Tenth Administrative Judicial Region under Section 74.042(k), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(m)  The Eleventh Business Court Division is composed of the counties composing the Eleventh Administrative Judicial Region under Section 74.042(l).

(n)  This subsection and Subsections (d), (g), (h), (i), (k), and (l) expire September 1, 2026.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.004.  JURISDICTION AND POWERS.  (a)  Subject to Subsections (b), (c), (d), (e), and (f), the business court has the powers provided to district courts by Chapter 24, including the power to:

(1)  issue writs of injunction, mandamus, sequestration, attachment, garnishment, and supersedeas; and

(2)  grant any relief that may be granted by a district court.

(b)  Subject to Subsection (c), the business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1)  a derivative proceeding;

(2)  an action regarding the governance, governing documents, or internal affairs of an organization;

(3)  an action in which a claim under a state or federal securities or trade regulation law is asserted against:

(A)  an organization;

(B)  a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official;

(C)  an underwriter of securities issued by the organization; or

(D)  the auditor of an organization;

(4)  an action by an organization, or an owner of an organization, if the action:

(A)  is brought against an owner, controlling person, or managerial official of the organization; and

(B)  alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization;

(5)  an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith;

(6)  an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and

(7)  an action arising out of the Business Organizations Code.

(c)  The business court has civil jurisdiction concurrent with district courts in an action described by Subsection (b) regardless of the amount in controversy if a party to the action is a publicly traded company.

(d)  The business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $10 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1)  an action arising out of a qualified transaction;

(2)  an action that arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract or a subsequent agreement that the business court has jurisdiction of the action, except an action that arises out of an insurance contract; and

(3)  subject to Subsection (g), an action that arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization other than a bank, credit union, or savings and loan association.

(e)  The business court has civil jurisdiction concurrent with district courts in an action seeking injunctive relief or a declaratory judgment under Chapter 37, Civil Practice and Remedies Code, involving a dispute based on a claim within the court's jurisdiction under Subsection (b), (c), or (d).

(f)  Except as provided by Subsection (h), the business court has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy.  A claim within the business court's supplemental jurisdiction may proceed in the business court only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending.  If the parties involved in a claim within the business court's supplemental jurisdiction do not agree on the claim proceeding in the business court, the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court.

(g)  Unless the claim falls within the business court's supplemental jurisdiction, the business court does not have jurisdiction of:

     (1)  a civil action:

        (A)  brought by or against a governmental entity; or

        (B)  to foreclose on a lien on real or personal property;

     (2)  a claim arising out of:

        (A)  Subchapter E, Chapter 15, and Chapter 17, Business & Commerce Code;

        (B)  the Estates Code;

        (C)  the Family Code;

        (D)  the Insurance Code; or

        (E)  Chapter 53 and Title 9, Property Code;

     (3)  a claim arising out of the production or sale of a farm product, as that term is defined by Section 9.102, Business & Commerce Code;

     (4)  a claim related to a consumer transaction, as that term is defined by Section 601.001, Business & Commerce Code, to which a consumer in this state is a party, arising out of a violation of federal or state law; or

     (5)  a claim related to the duties and obligations under an insurance policy.

(h)  The business court does not have jurisdiction of the following claims regardless of whether the claim is otherwise within the court's supplemental jurisdiction under Subsection (f):

     (1)  a claim arising under Chapter 74, Civil Practice and Remedies Code;

     (2)  a claim in which a party seeks recovery of monetary damages for bodily injury or death; or

     (3)  a claim of legal malpractice.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.005.  JUDICIAL AUTHORITY.  A business court judge has all powers, duties, immunities, and privileges of a district judge.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.006.  INITIAL FILING; REMOVAL AND REMAND.  (a)  An action within the jurisdiction of the business court may be filed in the business

court.  The party filing the action must plead facts to establish venue in a county in a division of the business court, and the business court shall assign the action to that division.  Venue may be established as provided by law or, if a written contract specifies a county as venue for the action, as provided by the contract.

(b)  If the business court does not have jurisdiction of the action, the court shall, at the option of the party filing the action:

(1)  transfer the action to a district court or county court at law in a county of proper venue; or

(2)  dismiss the action without prejudice to the party's rights.

(c)  If, after an action is assigned to a division of the business court, the court determines that the division's geographic territory does not include a county of proper venue for the action, the court shall:

(1)  if an operating division of the court includes a county of proper venue, transfer the action to that division; or

(2)  if there is not an operating division of the court that includes a county of proper venue, at the option of the party filing the action, transfer the action to a district court or county court at law in a county of proper venue.

(d)  A party to an action filed in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court.  If the business court does not have jurisdiction of the action, the business court shall remand the action to the court in which the action was originally filed.

(e)  A party to an action filed in a district court or county court at law in a county of proper venue that is not within an operating division of the business court or the judge of the court in which the action is filed may not remove or transfer the action to the business court.

(f)  A party may file an agreed notice of removal at any time during the pendency of the action.  If all parties to the action have not agreed to remove the action, the notice of removal must be filed:

(1)  not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action; or

(2)  if an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action, not later than the 30th day after the date the application is granted, denied, or denied as a matter of law.

(g)  The notice of removal must be filed with the business court and the court in which the action was originally filed.  On receipt of the notice, the clerk of the court in which the action was originally filed shall immediately transfer the action to the business court in accordance with rules adopted by the supreme court, and the business court clerk shall assign the action to the appropriate division of the business court.

(h)  The filing of an action or a notice of removal in the business court is subject to Section 10.001, Civil Practice and Remedies Code.

(i)  Removal of a case to the business court is not subject to the statutes or rules governing the due order of pleading.

(j)  Removal of a case does not waive a defect in venue or constitute an appearance to determine personal jurisdiction.

(k)  The judge of a court in which an action is filed may request the presiding judge for the court's administrative region to transfer the action to the business court if the action is within the business court's jurisdiction.  The judge shall notify all parties of the transfer request and request a hearing on the transfer request.  After a hearing on the request, the presiding judge may transfer the action to the business court if the presiding judge finds the transfer will facilitate the fair and efficient administration of justice.  The business court clerk shall assign an action transferred under this subsection to the appropriate division of the business court.

(l)  The business court judge on establishment of jurisdiction and venue over an action shall by order declare the county in which any jury trial for the action will be held as determined under Section 25A.015.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.007.  APPEALS.  (a)  Notwithstanding any other law and except as provided by Subsection (b) and in instances when the supreme court has concurrent or exclusive jurisdiction, the Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court.

(b)  If the Fifteenth Court of Appeals is not created, an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court shall be filed in the court of appeals with appellate jurisdiction of civil cases for the county declared in an order under Section 25A.006(l).

(c)  The procedure governing an appeal or original proceeding from the business court is the same as the procedure for an appeal or original proceeding from a district court.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.008.  QUALIFICATIONS OF JUDGE.  (a)  A business court judge must:
          (1)  be at least 35 years of age;
          (2)  be a United States citizen;
          (3)  have been a resident of a county within the division of the business court to which the judge is appointed for at least five years before appointment; and
          (4)  be a licensed attorney in this state who has 10 or more years of experience in:
               (A)  practicing complex civil business litigation;
               (B)  practicing business transaction law;
               (C)  serving as a judge of a court in this state with civil jurisdiction; or
               (D)  any combination of experience described by Paragraphs (A)-(C).
     (b)  A business court judge may not have had the judge's license to practice law revoked, suspended, or subject to a probated suspension.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.009.  APPOINTMENT OF JUDGES; TERM; PRESIDING JUDGE; EXCHANGE OF BENCHES.  (a)  The governor, with the advice and consent of the senate, shall appoint:
          (1)  two judges to each of the First, Third, Fourth, Eighth, and Eleventh Divisions of the business court; and
          (2)  one judge to each of the Second, Fifth, Sixth, Seventh, Ninth, and Tenth Divisions of the business court.
     (b)  A business court judge shall serve for a term of two years, beginning on September 1 of every even-numbered year.
     (c)  A business court judge may be reappointed.
     (d)  Not later than the seventh day after the first day of a term, the business court judges by majority vote shall select a judge of the court to serve as administrative presiding judge for the duration of the term.  If a

vacancy occurs in the position of administrative presiding judge, the remaining business court judges shall select a judge of the court to serve as administrative presiding judge for the remainder of the unexpired term as soon as practicable.

(e)  A business court judge shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of state.

(f)  To promote the orderly and efficient administration of justice, the business court judges may exchange benches and sit and act for each other in any matter pending before the court.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.010.  VACANCY.  If a vacancy occurs in an office of a business court judge, the governor, with the advice and consent of the senate, shall appoint, in the same manner as the original appointment, another person to serve for the remainder of the unexpired term.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.011.  JUDGE'S SALARY.  The salary of a business court judge is the amount provided by Section 659.012 and shall be paid in equal monthly installments.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.012.  REMOVAL; DISQUALIFICATION AND RECUSAL.  (a)  A business court judge may be removed from office in the same manner and for the same reasons as a district judge.

(b)  A business court judge is disqualified and subject to mandatory recusal for the same reasons a district judge is subject to disqualification or recusal in a pending case. Disqualification or recusal of a business court judge shall be governed by the same procedure as disqualification or recusal of a district judge.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.

Sec. 25A.013.  PRIVATE PRACTICE OF LAW.  A business court judge shall diligently discharge the duties of the office on a full-time basis and may not engage in the private practice of law.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.014.  VISITING JUDGE.  (a)  A retired or former judge or justice who has the qualifications prescribed by Section 25A.008 may be assigned as a visiting judge of a division of the business court by the chief justice of the supreme court.  A visiting judge of a division of the business court is subject to objection, disqualification, or recusal in the same manner as a retired or former judge or justice is subject to objection, disqualification, or recusal if appointed as a visiting district judge.

(b)  Before accepting an assignment as a visiting judge of a division of the business court, a retired or former judge or justice shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of state.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.015.  JURY PRACTICE AND PROCEDURE; VENUE FOR JURY TRIAL.  (a) A party in an action pending in the business court has the right to a trial by jury when required by the constitution.

(b)  Subject to Subsection (d), a jury trial in a case filed initially in the business court shall be held in any county in which the case could have been filed under Section 15.002, Civil Practice and Remedies Code, as chosen by the plaintiff.

(c)  Subject to Subsections (b) and (d), a jury trial in a case removed to the business court shall be held in the county in which the action was originally filed.

(d)  A jury trial for a case in which a written contract specifies a county as venue for suits shall be held in that county.

(e)  The parties and the business court judge may agree to hold the jury trial in any other county.  A party may not be required to agree to hold the jury trial in a different county.

(f)  The drawing of jury panels, selection of jurors, and other jury-related practice and procedure in the business court shall be the same as for the district court in the county in which the trial is held.

(g)  Practice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials, hearings, and other business in the business court are governed by the laws and rules prescribed for district courts, unless otherwise provided by this chapter.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.016.  WRITTEN OPINIONS.  The supreme court shall adopt rules for the issuance of written opinions by the business court.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.017.  COURT LOCATION; STAFFING.  (a)  In this section, "remote proceeding" means a proceeding before the business court in which one or more of the participants, including a judge, party, attorney, witness, court reporter, or other individual attends the proceeding remotely through the use of technology.

(b)  The administrative presiding judge of the business court shall manage administrative and personnel matters on behalf of the court.  The administrative presiding judge of the business court shall appoint a clerk, whose office shall be located in Travis County in facilities provided by this state.  The clerk shall:

(1)  accept all filings in the business court; and

(2)  fulfill the legal and administrative functions of a district clerk.

(c)  Each business court judge shall maintain chambers in the county the judge selects within the geographic boundaries of the division to which the judge is appointed in facilities provided by this state.  For purposes of this section, the Office of Court Administration of the Texas Judicial System may contract for the use of facilities with a county.

(d)  Subject to Section 25A.015, a business court judge may hold court at any courtroom within the geographic boundaries of the division to which the judge is appointed as the court determines necessary or convenient for a particular civil action.  To the extent practicable, a county using existing courtrooms and facilities shall accommodate the business court in the conduct of the court's hearings and other proceedings.

(e)  The business court may conduct a proceeding other than a jury trial as a remote proceeding to facilitate the resolution of a matter before the court.  The business court may not require a party or attorney

to remotely attend a court proceeding in which oral testimony is heard, absent the agreement of the parties.

(f)  The business court shall conduct a remote proceeding from a courtroom or the facilities provided to a business court judge by this state.

(g)  The business court shall provide reasonable notice to the public that a proceeding will be conducted remotely and an opportunity for the public to observe the remote proceeding.

(h)  In a county in which a division of the business court sits, the sheriff shall in person or by deputy attend the business court as required by the court.  The sheriff or deputy is entitled to reimbursement from this state for the cost of attending the business court.

(i)  The business court may appoint personnel necessary for the operation of the court, including:

(1)  personnel to assist the clerk of the court;

(2)  staff attorneys for the court;

(3)  staff attorneys for each judge of the business court;

(4)  court coordinators; and

(5)  administrative assistants.

(j)  Subject to Subsection (k), the court officials shall perform the duties and responsibilities of their offices and are entitled to the compensation, fees, and allowances prescribed by law for the offices.

(k)  All personnel, including the business court clerk, appointed under this section are employees of the Office of Court Administration of the Texas Judicial System and are state employees for all purposes, including accrual of leave time, insurance benefits, retirement benefits, and travel regulations.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.0171.  ADMINISTRATIVE ATTACHMENT TO OFFICE OF COURT ADMINISTRATION; REPORT.  (a)  The business court is administratively attached to the Office of Court Administration of the Texas Judicial System.

(b)  The Office of Court Administration of the Texas Judicial System shall provide administrative support to the business court as necessary to enable the business court to carry out its duties under this chapter.

(c)  The Office of Court Administration of the Texas Judicial System may employ personnel necessary to provide administrative support to the business court under this chapter.

(d)   Only the business court may exercise the duties of the business court under this chapter.  Except as otherwise provided by this chapter, the Office of Court Administration of the Texas Judicial System does not have any authority or responsibility related to the duties of the business court under this chapter.

(e)   Not later than December 1 of each year, the Office of Court Administration of the Texas Judicial System shall submit to the legislature a report on the number and types of cases heard by the business court in the preceding year.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.018.  FEES.  The supreme court shall set fees for filings and actions in the business court in amounts sufficient to cover the costs of administering this chapter, taking into account fee waivers necessary for the interest of justice.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.019.  SEAL.  The seal of the business court is the same as that provided by law for a district court except that the seal must contain the name "The Business Court of Texas."

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.


Sec. 25A.020.  RULES.  (a)  The supreme court shall adopt rules of civil procedure as the court determines necessary, including rules providing for:

(1)   the timely and efficient removal and remand of cases to and from the business court; and

(2)   the assignment of cases to judges of the business court.

(b)   The business court may adopt rules of practice and procedure consistent with the Texas Rules of Civil Procedure and the Texas Rules of Evidence.

Added by Acts 2023, 88th Leg., R.S., Ch. 380 (H.B. 19), Sec. 1, eff. September 1, 2023.

**Tab C**
**H.B. 19**

AN ACT

relating to the creation of a specialty trial court to hear certain cases; authorizing fees.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Subtitle A, Title 2, Government Code, is amended by adding Chapter 25A to read as follows:

CHAPTER 25A. BUSINESS COURT

Sec. 25A.001. DEFINITIONS. In this chapter:

(1) "Controlling person" means a person who directly or indirectly controls a governing person, officer, or organization.

(2) "Derivative proceeding" means a civil action brought in the right of a domestic or foreign corporation, a domestic or foreign limited liability company, or a domestic or foreign limited partnership, to the extent provided by the Business Organizations Code.

(3) "Governing documents" means the instruments, documents, or agreements adopted under an organization's governing law to govern the organization's formation and internal affairs. The term includes:

(A) a certificate of formation, articles of incorporation, and articles of organization;

(B) bylaws;

(C) a partnership agreement;

(D) a company agreement or operating agreement;

(E) a shareholder agreement;

(F) a voting agreement or voting trust agreement; and

(G) an agreement among owners restricting the transfer of ownership interests.

(4) "Governing law" means the law governing the formation and internal affairs of an organization.

(5) "Governing person" means a person who is entitled, alone or as part of a group, to manage and direct an organization's affairs under the organization's governing documents and governing law. The term includes:

(A) a member of the board of directors of a corporation or other organization;

(B) a general partner of a general or limited partnership;

(C) a manager of a limited liability company that is managed by its managers;

(D) a member of a limited liability company that is managed by its members;

(E) a trust manager of a real estate investment trust; and

(F) a trustee of a business trust.

(6) "Governmental entity" means:

(A) this state; or

(B) a political subdivision of this state, including a municipality, a county, or any kind of district.

2

(7) "Internal affairs" means:

(A) the rights, powers, and duties of an organization's governing persons, officers, owners, and members; and

(B) matters relating to the organization's membership or ownership interests.

(8) "Managerial official" means a governing person or officer.

(9) "Officer" means a person elected, appointed, or designated as an officer of an organization by the organization's governing persons or governing documents.

(10) "Organization" means a foreign or domestic entity or association, regardless of whether the organization is for profit or nonprofit. The term includes:

(A) a corporation;

(B) a limited partnership;

(C) a general partnership;

(D) a limited liability partnership;

(E) a limited liability company;

(F) a business trust;

(G) a real estate investment trust;

(H) a joint venture;

(I) a joint stock company;

(J) a cooperative;

(K) a bank;

(L) a credit union;

(M) a savings and loan association;

(N)    an insurance company; and

(O)    a series of a limited liability company or of another entity.

(11)    "Owner" means an owner of an organization. The term includes:

(A)    a shareholder or stockholder of a corporation or other organization;

(B)    a general or limited partner of a partnership or an assignee of a partnership interest in a partnership;

(C)    a member of, or an assignee of a membership interest in, a limited liability company; and

(D)    a member of a nonprofit organization.

(12)    "Ownership interest" means an owner's interest in an organization, including an owner's economic, voting, and management rights.

(13)    "Publicly traded company" means an entity whose voting equity securities are listed on a national securities exchange registered with the United States Securities and Exchange Commission under Section 6, Securities Exchange Act of 1934 (15 U.S.C. Section 78f) and any entity that is majority owned or controlled by such an entity.

(14)    "Qualified transaction" means a transaction, other than a transaction involving a loan or an advance of money or credit by a bank, credit union, or savings and loan institution, under which a party:

(A)    pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at

4

least $10 million; or

(B) lends, advances, borrows, receives, is obligated to lend or advance, or is entitled to borrow or receive money or credit with an aggregate value of at least $10 million.

Sec. 25A.002. CREATION. The business court is a statutory court created under Section 1, Article V, Texas Constitution.

Sec. 25A.003. BUSINESS COURT JUDICIAL DISTRICT; DIVISIONS. (a) The judicial district of the business court is composed of all counties in this state.

(b) The business court is composed of divisions as provided by this section.

(c) The First Business Court Division is composed of the counties composing the First Administrative Judicial Region under Section 74.042(b).

(d) The Second Business Court Division is composed of the counties composing the Second Administrative Judicial Region under Section 74.042(c), subject to funding through legislative appropriations. The division is abolished September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(e) The Third Business Court Division is composed of the counties composing the Third Administrative Judicial Region under Section 74.042(d).

(f) The Fourth Business Court Division is composed of the counties composing the Fourth Administrative Judicial Region under Section 74.042(e).

(g) The Fifth Business Court Division is composed of the

counties composing the Fifth Administrative Judicial Region under Section 74.042(f), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(h) The Sixth Business Court Division is composed of the counties composing the Sixth Administrative Judicial Region under Section 74.042(g), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(i) The Seventh Business Court Division is composed of the counties composing the Seventh Administrative Judicial Region under Section 74.042(h), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(j) The Eighth Business Court Division is composed of the counties composing the Eighth Administrative Judicial Region under Section 74.042(i).

(k) The Ninth Business Court Division is composed of the counties composing the Ninth Administrative Judicial Region under Section 74.042(j), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(l) The Tenth Business Court Division is composed of the

counties composing the Tenth Administrative Judicial Region under Section 74.042(k), subject to funding through legislative appropriations. The division is abolished on September 1, 2026, unless reauthorized by the legislature and funded through additional legislative appropriations.

(m) The Eleventh Business Court Division is composed of the counties composing the Eleventh Administrative Judicial Region under Section 74.042(l).

(n) This subsection and Subsections (d), (g), (h), (i), (k), and (l) expire September 1, 2026.

Sec. 25A.004. JURISDICTION AND POWERS. (a) Subject to Subsections (b), (c), (d), (e), and (f), the business court has the powers provided to district courts by Chapter 24, including the power to:

(1) issue writs of injunction, mandamus, sequestration, attachment, garnishment, and supersedeas; and

(2) grant any relief that may be granted by a district court.

(b) Subject to Subsection (c), the business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1) a derivative proceeding;

(2) an action regarding the governance, governing documents, or internal affairs of an organization;

(3) an action in which a claim under a state or federal

securities or trade regulation law is asserted against:

(A) an organization;

(B) a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official;

(C) an underwriter of securities issued by the organization; or

(D) the auditor of an organization;

(4) an action by an organization, or an owner of an organization, if the action:

(A) is brought against an owner, controlling person, or managerial official of the organization; and

(B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization;

(5) an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith;

(6) an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and

(7) an action arising out of the Business

8

Organizations Code.

(c) The business court has civil jurisdiction concurrent with district courts in an action described by Subsection (b) regardless of the amount in controversy if a party to the action is a publicly traded company.

(d) The business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $10 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1) an action arising out of a qualified transaction;

(2) an action that arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract or a subsequent agreement that the business court has jurisdiction of the action, except an action that arises out of an insurance contract; and

(3) subject to Subsection (g), an action that arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization other than a bank, credit union, or savings and loan association.

(e) The business court has civil jurisdiction concurrent with district courts in an action seeking injunctive relief or a declaratory judgment under Chapter 37, Civil Practice and Remedies Code, involving a dispute based on a claim within the court's jurisdiction under Subsection (b), (c), or (d).

(f) Except as provided by Subsection (h), the business court

has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy. A claim within the business court's supplemental jurisdiction may proceed in the business court only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending. If the parties involved in a claim within the business court's supplemental jurisdiction do not agree on the claim proceeding in the business court, the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court.

(g) Unless the claim falls within the business court's supplemental jurisdiction, the business court does not have jurisdiction of:

(1) a civil action:

(A) brought by or against a governmental entity; or

(B) to foreclose on a lien on real or personal property;

(2) a claim arising out of:

(A) Subchapter E, Chapter 15, and Chapter 17, Business & Commerce Code;

(B) the Estates Code;

(C) the Family Code;

(D) the Insurance Code; or

(E) Chapter 53 and Title 9, Property Code;

(3) a claim arising out of the production or sale of a

farm product, as that term is defined by Section 9.102, Business & Commerce Code;

(4) a claim related to a consumer transaction, as that term is defined by Section 601.001, Business & Commerce Code, to which a consumer in this state is a party, arising out of a violation of federal or state law; or

(5) a claim related to the duties and obligations under an insurance policy.

(h) The business court does not have jurisdiction of the following claims regardless of whether the claim is otherwise within the court's supplemental jurisdiction under Subsection (f):

(1) a claim arising under Chapter 74, Civil Practice and Remedies Code;

(2) a claim in which a party seeks recovery of monetary damages for bodily injury or death; or

(3) a claim of legal malpractice.

Sec. 25A.005. JUDICIAL AUTHORITY. A business court judge has all powers, duties, immunities, and privileges of a district judge.

Sec. 25A.006. INITIAL FILING; REMOVAL AND REMAND. (a) An action within the jurisdiction of the business court may be filed in the business court. The party filing the action must plead facts to establish venue in a county in a division of the business court, and the business court shall assign the action to that division. Venue may be established as provided by law or, if a written contract specifies a county as venue for the action, as provided by the contract.

(b) If the business court does not have jurisdiction of the action, the court shall, at the option of the party filing the action:

(1) transfer the action to a district court or county court at law in a county of proper venue; or

(2) dismiss the action without prejudice to the party's rights.

(c) If, after an action is assigned to a division of the business court, the court determines that the division's geographic territory does not include a county of proper venue for the action, the court shall:

(1) if an operating division of the court includes a county of proper venue, transfer the action to that division; or

(2) if there is not an operating division of the court that includes a county of proper venue, at the option of the party filing the action, transfer the action to a district court or county court at law in a county of proper venue.

(d) A party to an action filed in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court. If the business court does not have jurisdiction of the action, the business court shall remand the action to the court in which the action was originally filed.

(e) A party to an action filed in a district court or county court at law in a county of proper venue that is not within an operating division of the business court or the judge of the court in which the action is filed may not remove or transfer the action

12

to the business court.

(f) A party may file an agreed notice of removal at any time during the pendency of the action. If all parties to the action have not agreed to remove the action, the notice of removal must be filed:

(1) not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action; or

(2) if an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action, not later than the 30th day after the date the application is granted, denied, or denied as a matter of law.

(g) The notice of removal must be filed with the business court and the court in which the action was originally filed. On receipt of the notice, the clerk of the court in which the action was originally filed shall immediately transfer the action to the business court in accordance with rules adopted by the supreme court, and the business court clerk shall assign the action to the appropriate division of the business court.

(h) The filing of an action or a notice of removal in the business court is subject to Section 10.001, Civil Practice and Remedies Code.

(i) Removal of a case to the business court is not subject to the statutes or rules governing the due order of pleading.

13

(j) Removal of a case does not waive a defect in venue or constitute an appearance to determine personal jurisdiction.

(k) The judge of a court in which an action is filed may request the presiding judge for the court's administrative region to transfer the action to the business court if the action is within the business court's jurisdiction. The judge shall notify all parties of the transfer request and request a hearing on the transfer request. After a hearing on the request, the presiding judge may transfer the action to the business court if the presiding judge finds the transfer will facilitate the fair and efficient administration of justice. The business court clerk shall assign an action transferred under this subsection to the appropriate division of the business court.

(l) The business court judge on establishment of jurisdiction and venue over an action shall by order declare the county in which any jury trial for the action will be held as determined under Section 25A.015.

Sec. 25A.007. APPEALS. (a) Notwithstanding any other law and except as provided by Subsection (b) and in instances when the supreme court has concurrent or exclusive jurisdiction, the Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business court.

(b) If the Fifteenth Court of Appeals is not created, an appeal from an order or judgment of the business court or an original proceeding related to an action or order of the business

14

court shall be filed in the court of appeals with appellate jurisdiction of civil cases for the county declared in an order under Section 25A.006(1).

(c) The procedure governing an appeal or original proceeding from the business court is the same as the procedure for an appeal or original proceeding from a district court.

Sec. 25A.008. QUALIFICATIONS OF JUDGE. (a) A business court judge must:

(1) be at least 35 years of age;

(2) be a United States citizen;

(3) have been a resident of a county within the division of the business court to which the judge is appointed for at least five years before appointment; and

(4) be a licensed attorney in this state who has 10 or more years of experience in:

(A) practicing complex civil business litigation;

(B) practicing business transaction law;

(C) serving as a judge of a court in this state with civil jurisdiction; or

(D) any combination of experience described by Paragraphs (A)-(C).

(b) A business court judge may not have had the judge's license to practice law revoked, suspended, or subject to a probated suspension.

Sec. 25A.009. APPOINTMENT OF JUDGES; TERM; PRESIDING JUDGE; EXCHANGE OF BENCHES. (a) The governor, with the advice and consent

15

of the senate, shall appoint:

(1) two judges to each of the First, Third, Fourth, Eighth, and Eleventh Divisions of the business court; and

(2) one judge to each of the Second, Fifth, Sixth, Seventh, Ninth, and Tenth Divisions of the business court.

(b) A business court judge shall serve for a term of two years, beginning on September 1 of every even-numbered year.

(c) A business court judge may be reappointed.

(d) Not later than the seventh day after the first day of a term, the business court judges by majority vote shall select a judge of the court to serve as administrative presiding judge for the duration of the term. If a vacancy occurs in the position of administrative presiding judge, the remaining business court judges shall select a judge of the court to serve as administrative presiding judge for the remainder of the unexpired term as soon as practicable.

(e) A business court judge shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of state.

(f) To promote the orderly and efficient administration of justice, the business court judges may exchange benches and sit and act for each other in any matter pending before the court.

Sec. 25A.010. VACANCY. If a vacancy occurs in an office of a business court judge, the governor, with the advice and consent of the senate, shall appoint, in the same manner as the original appointment, another person to serve for the remainder of the unexpired term.

Sec. 25A.011. JUDGE'S SALARY. The salary of a business court judge is the amount provided by Section 659.012 and shall be paid in equal monthly installments.

Sec. 25A.012. REMOVAL; DISQUALIFICATION AND RECUSAL. (a) A business court judge may be removed from office in the same manner and for the same reasons as a district judge.

(b) A business court judge is disqualified and subject to mandatory recusal for the same reasons a district judge is subject to disqualification or recusal in a pending case. Disqualification or recusal of a business court judge shall be governed by the same procedure as disqualification or recusal of a district judge.

Sec. 25A.013. PRIVATE PRACTICE OF LAW. A business court judge shall diligently discharge the duties of the office on a full-time basis and may not engage in the private practice of law.

Sec. 25A.014. VISITING JUDGE. (a) A retired or former judge or justice who has the qualifications prescribed by Section 25A.008 may be assigned as a visiting judge of a division of the business court by the chief justice of the supreme court. A visiting judge of a division of the business court is subject to objection, disqualification, or recusal in the same manner as a retired or former judge or justice is subject to objection, disqualification, or recusal if appointed as a visiting district judge.

(b) Before accepting an assignment as a visiting judge of a division of the business court, a retired or former judge or justice shall take the constitutional oath of office required of appointed officers of this state and file the oath with the secretary of

17

state.

Sec. 25A.015. JURY PRACTICE AND PROCEDURE; VENUE FOR JURY TRIAL. (a) A party in an action pending in the business court has the right to a trial by jury when required by the constitution.

(b) Subject to Subsection (d), a jury trial in a case filed initially in the business court shall be held in any county in which the case could have been filed under Section 15.002, Civil Practice and Remedies Code, as chosen by the plaintiff.

(c) Subject to Subsections (b) and (d), a jury trial in a case removed to the business court shall be held in the county in which the action was originally filed.

(d) A jury trial for a case in which a written contract specifies a county as venue for suits shall be held in that county.

(e) The parties and the business court judge may agree to hold the jury trial in any other county. A party may not be required to agree to hold the jury trial in a different county.

(f) The drawing of jury panels, selection of jurors, and other jury-related practice and procedure in the business court shall be the same as for the district court in the county in which the trial is held.

(g) Practice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials, hearings, and other business in the business court are governed by the laws and rules prescribed for district courts, unless otherwise provided by this chapter.

Sec. 25A.016. WRITTEN OPINIONS. The supreme court shall adopt rules for the issuance of written opinions by the business

18

court.

Sec. 25A.017. COURT LOCATION; STAFFING. (a) In this section, "remote proceeding" means a proceeding before the business court in which one or more of the participants, including a judge, party, attorney, witness, court reporter, or other individual attends the proceeding remotely through the use of technology.

(b) The administrative presiding judge of the business court shall manage administrative and personnel matters on behalf of the court. The administrative presiding judge of the business court shall appoint a clerk, whose office shall be located in Travis County in facilities provided by this state. The clerk shall:

(1) accept all filings in the business court; and

(2) fulfill the legal and administrative functions of a district clerk.

(c) Each business court judge shall maintain chambers in the county the judge selects within the geographic boundaries of the division to which the judge is appointed in facilities provided by this state. For purposes of this section, the Office of Court Administration of the Texas Judicial System may contract for the use of facilities with a county.

(d) Subject to Section 25A.015, a business court judge may hold court at any courtroom within the geographic boundaries of the division to which the judge is appointed as the court determines necessary or convenient for a particular civil action. To the extent practicable, a county using existing courtrooms and facilities shall accommodate the business court in the conduct of the court's hearings and other proceedings.

(e) The business court may conduct a proceeding other than a jury trial as a remote proceeding to facilitate the resolution of a matter before the court. The business court may not require a party or attorney to remotely attend a court proceeding in which oral testimony is heard, absent the agreement of the parties.

(f) The business court shall conduct a remote proceeding from a courtroom or the facilities provided to a business court judge by this state.

(g) The business court shall provide reasonable notice to the public that a proceeding will be conducted remotely and an opportunity for the public to observe the remote proceeding.

(h) In a county in which a division of the business court sits, the sheriff shall in person or by deputy attend the business court as required by the court. The sheriff or deputy is entitled to reimbursement from this state for the cost of attending the business court.

(i) The business court may appoint personnel necessary for the operation of the court, including:

(1) personnel to assist the clerk of the court;

(2) staff attorneys for the court;

(3) staff attorneys for each judge of the business court;

(4) court coordinators; and

(5) administrative assistants.

(j) Subject to Subsection (k), the court officials shall perform the duties and responsibilities of their offices and are entitled to the compensation, fees, and allowances prescribed by

law for the offices.

(k) All personnel, including the business court clerk, appointed under this section are employees of the Office of Court Administration of the Texas Judicial System and are state employees for all purposes, including accrual of leave time, insurance benefits, retirement benefits, and travel regulations.

Sec. 25A.0171. ADMINISTRATIVE ATTACHMENT TO OFFICE OF COURT ADMINISTRATION; REPORT. (a) The business court is administratively attached to the Office of Court Administration of the Texas Judicial System.

(b) The Office of Court Administration of the Texas Judicial System shall provide administrative support to the business court as necessary to enable the business court to carry out its duties under this chapter.

(c) The Office of Court Administration of the Texas Judicial System may employ personnel necessary to provide administrative support to the business court under this chapter.

(d) Only the business court may exercise the duties of the business court under this chapter. Except as otherwise provided by this chapter, the Office of Court Administration of the Texas Judicial System does not have any authority or responsibility related to the duties of the business court under this chapter.

(e) Not later than December 1 of each year, the Office of Court Administration of the Texas Judicial System shall submit to the legislature a report on the number and types of cases heard by the business court in the preceding year.

Sec. 25A.018. FEES. The supreme court shall set fees for

filings and actions in the business court in amounts sufficient to cover the costs of administering this chapter, taking into account fee waivers necessary for the interest of justice.

Sec. 25A.019. SEAL. The seal of the business court is the same as that provided by law for a district court except that the seal must contain the name "The Business Court of Texas."

Sec. 25A.020. RULES. (a) The supreme court shall adopt rules of civil procedure as the court determines necessary, including rules providing for:

(1) the timely and efficient removal and remand of cases to and from the business court; and

(2) the assignment of cases to judges of the business court.

(b) The business court may adopt rules of practice and procedure consistent with the Texas Rules of Civil Procedure and the Texas Rules of Evidence.

SECTION 2. Sections 659.012(a) and (e), Government Code, are amended to read as follows:

(a) Notwithstanding Section 659.011 and subject to Subsections (b) and (b-1):

(1) a judge of a district court or a division of the business court is entitled to an annual base salary from the state as set by the General Appropriations Act in an amount equal to at least $140,000, except that the combined base salary of a district judge or judge of a division of the business court from all state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the

amount that is $5,000 less than the maximum combined base salary from all state and county sources for a justice of a court of appeals other than a chief justice as determined under this subsection;

(2) a justice of a court of appeals other than the chief justice is entitled to an annual base salary from the state in the amount equal to 110 percent of the state base salary of a district judge as set by the General Appropriations Act, except that the combined base salary of a justice of the court of appeals other than the chief justice from all state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the amount that is $5,000 less than the base salary for a justice of the supreme court as determined under this subsection;

(3) a justice of the supreme court other than the chief justice or a judge of the court of criminal appeals other than the presiding judge is entitled to an annual base salary from the state in the amount equal to 120 percent of the state base salary of a district judge as set by the General Appropriations Act; and

(4) the chief justice or presiding judge of an appellate court is entitled to an annual base salary from the state in the amount equal to $2,500 more than the state base salary provided for the other justices or judges of the court, except that the combined base salary of the chief justice of a court of appeals from all state and county sources may not exceed the amount equal to $2,500 less than the base salary for a justice of the supreme court as determined under this subsection.

(e) For the purpose of salary payments by the state, the comptroller shall determine from sworn statements filed by the justices of the courts of appeals, [and] district judges, and business court judges that the required salary limitations provided by Subsection (a) are maintained. If the state base salary for a judge or justice prescribed by Subsection (a) combined with additional compensation from a county would exceed the limitations provided by Subsection (a), the comptroller shall reduce the salary payment made by the state by the amount of the excess.

SECTION 3. Section 837.001(a), Government Code, is amended to read as follows:

(a) Membership [Except as provided by Subsection (b), membership] in the retirement system is limited to persons who have never been eligible for membership in the Judicial Retirement System of Texas or the Judicial Retirement System of Texas Plan One and who at any time on or after the effective date of this Act are judges, justices, or commissioners of:

(1) the supreme court;

(2) the court of criminal appeals;

(3) a court of appeals;

(4) the business court;

(5) a district court; or

(6) [(5)] a commission to a court specified in this subsection.

SECTION 4. (a) The Texas Supreme Court has exclusive and original jurisdiction over a challenge to the constitutionality of this Act or any part of this Act and may issue injunctive or

declaratory relief in connection with the challenge.

(b) If the appointment of judges by the governor to the divisions of the business court under Section 25A.009, Government Code, as added by this Act, is held by the Texas Supreme Court as unconstitutional, the business court shall be staffed by retired or former judges or justices who are appointed to the court as provided by Section 25A.014, Government Code, as added by this Act.

SECTION 5. Except as otherwise provided by this Act, the business court is created September 1, 2024.

SECTION 6. (a) As soon as practicable after the effective date of this Act, the governor shall appoint judges to the First, Third, Fourth, Eighth, and Eleventh Business Court Divisions as required by Section 25A.009, Government Code, as added by this Act.

(b) On or before September 1, 2026, but not before July 1, 2026, the governor shall appoint judges to the Second, Fifth, Sixth, Seventh, Ninth, and Tenth Business Court Divisions as required by Section 25A.009, Government Code, as added by this Act.

SECTION 7. (a) Notwithstanding Chapter 25A, Government Code, as added by this Act, the business court is not created unless the legislature makes a specific appropriation of money for that purpose. For purposes of this subsection, a specific appropriation is an appropriation identifying the business court or an Act of the 88th Legislature, Regular Session, 2023, relating to the creation of a specialty trial court to hear certain cases or of the business court.

(b) Notwithstanding Section 25A.007(a), Government Code, as added by this Act, a court of appeals retains the jurisdiction the

court had on August 31, 2024, if the business court is not created as a result of Subsection (a) of this section.

SECTION 8. The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.

SECTION 9. This Act takes effect September 1, 2023.




H.B. No. 19

_____          _____
President of the Senate                   Speaker of the House

I certify that H.B. No. 19 was passed by the House on May 2, 2023, by the following vote:  Yeas 90, Nays 51, 1 present, not voting; and that the House concurred in Senate amendments to H.B. No. 19 on May 25, 2023, by the following vote:  Yeas 86, Nays 53, 1 present, not voting.

_____
Chief Clerk of the House

I certify that H.B. No. 19 was passed by the Senate, with amendments, on May 12, 2023, by the following vote:  Yeas 24, Nays 6.

_____
Secretary of the Senate

APPROVED: _____
Date

_____
Governor

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
9 :00 P.M. O'CLOCK

JUN 09 2023

_____
Secretary of State

27

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Pegues on behalf of Elizabeth Bloch
Bar No. 2495500
Peguesg@gtlaw.com
Envelope ID: 98534339
Filing Code Description: Sworn Record
Filing Description: Relators' Sworn Mandamus Record
Status as of 3/17/2025 3:58 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hon. Sofia Adrogué | | BCDivision11A@txcourts.gov | 3/17/2025 1:54:30 PM | SENT |
| Andrew Bender | 24084290 | abender@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Sharon McCally | | smccally@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Emily Miller | 24079527 | emiller@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Hunter Barrow | 24025240 | hbarrow@andrewsmyers.com | 3/17/2025 1:54:30 PM | SENT |
| Stephanie Sanchez | | Stephanie.Sanchez@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |
| Elizabeth G. "Heidi"Bloch | | blochh@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |
| Roland Garcia | | garciar@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |
| Paul Stibbe | | paul.stibbe@gtlaw.com | 3/17/2025 1:54:30 PM | SENT |